IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM EARL HARRIS, JR.                                                              PLAINTIFF

v.                                    Civil No. 2:18-CV-02064

JAIL ADMINISTRATOR CAPTAIN
TORRACA, Crawford County Detention
Center (CCDC)                                                                         DEFENDANT

## ORDER

Plaintiff, William Earl Harris, Jr., filed this action *pro se* pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted on March 29, 2018. (ECF No. 3). In that Order, the Plaintiff was advised "that he is required to immediately inform the Court of any change of address." Plaintiff was further advised that "[f]ailure to inform the Court of an address change shall subject this case to dismissal." (ECF No. 3). An Amended Complaint was filed on May 23, 2018. (ECF No. 10).

On January 29, 2019, the Court entered an Order dismissing Plaintiff's claims against Separate Defendant Nurse Rebecca Correro due to Plaintiff's failure to provide Separate Defendant Correro with required discovery responses. (ECF No. 37). On February 14, 2019, mail from the Court, including the Court's Order (ECF No. 37) was returned as undeliverable and marked "not here." (ECF No. 38). No new address is available for Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any

1

communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to keep the Court informed of his address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Amended Complaint (ECF No. 10) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 23rd day of April 2019.

>   */s/ Mark E. Ford*
>   HON. MARK E. FORD
>   UNITED STATES MAGISTRATE JUDGE